**LARSON, ET, Plaintiffs-Appellees, v REMEIKIS, ET, Defendants-Appellants.**

Ohio Appeals, Seventh District, Portage County.

No. 157. Decided March 22nd, 1946.

Theodore Tilden and Loomis, Caris and Jones, Ravenna, for plaintiffs-appellees.

C. A. Wilmot, Chardon, for defendants-appellants.

## OPINION

By PHILLIPS, J.

Defendants appeal to this court on questions of law and fact from a finding and judgment of the court of common pleas of Portage County entered in plaintiff's action to permanently restrain defendants from trespassing upon their farm, to recover damages to plaintiffs' fence, and for injuries to their cattle occasioned by such trespass.

The parties are owners of adjoining farms situated in Hiram Township, such county.

Surface water from plaintiffs' farm and from natural water courses, called herein the upper and lower water courses respectively, flows therefrom over and upon defendants' farm, which is composed of four parcels of land, then under a highway adjacent to and contiguous with both farms. Part of the upper water course, which apparently had its sourse on lands of an unidentified owner, extends in a general southeasterly direction diagonally across plaintiffs' farm, which at or near the place where such course crosses plaintiffs' farm is higher than defendants' farm. That course empties water upon de-

fendants' farm at the boundary line dividing the respective farms, as a result of which defendants' farm in the natural course receives surface water from plaintiffs' farm.

Defendants constructed a ditch, practically all of which was upon plaintiffs' farm, along the boundary line dividing the respective farms of the parties for the purpose of accelerating and diverting the flow of such waters; as a result of which change of such water courses water flowed along the fence onto and backed up upon plaintiffs' farm and damaged plaintiffs' fence, and subsequent to the construction of such ditch plaintiffs' cattle fell therein and were injured.

In **Butler v Peck, 16 Oh St 335,** the Supreme Court of Ohio adopted the so-called Civil Law Rule that where two parcels of land belonging to different owners lie adjacent to each other, and one parcel lies lower than the other, the lower one owes a servitude to the upper, to receive the water which naturally runs from it, provided the industry of man has not been used to create the servitude.

In **Mason v Commissioners, 80 Oh St 151,** it was held that:

"* * * surface water cannot be collected into a ditch and discharged upon the land of another, to his damage; but the landowner may, in the reasonable use of his land drain the water from it into its natural outlet, whether that be a watercourse or a natural drainage channel, and thus increase the volume and accelerate the flow of water of such watercourse or channel, without incurring liability for damages to owners of lower lands."

In **Nagy v City of Akron, 27 Oh Ap 250,** it was held that an owner of land cannot, by artificial means, divert the natural flow of the surface water off higher land in a manner different from its natural flow onto his land, without liability therefor.

In **Isaacs v Nowman, 10 Abs 317,** the precipitation of water in a manner wholly different from the natural course of flow was held actionable.

For cases in the trial courts dealing with the question of acceleration of flow see Kemper v Widows' Home, 6 O. D. Rep. 1049; Neff v Sullivan, 9 O. D. Rep. 765; Dill v Oglesbee, 5 O. N. P. 271; Sheldon v Cole, 2 O. N. P. 307; Fry v Agler, 16 O. N. P. (N. S.) 379. See also **41 O. Jur., "Waters and Waterworks," §52, p. 53.**

As deduced from the foregoing cited authorities the law seems to be fairly clear that while mere acceleration of the natural flow of water is not actionable acceleration plus diversion is actionable.

Plaintiffs alleged in their petition, and there is evidence, that defendants constructed dams upon their farm which obstructed the flow of water from the lower water course and caused it to be impounded upon plaintiffs' farm. There is evidence of the one time but none of the present existence of such dams or conditions. Accordingly, in deciding this case no consideration will be given to that allegation of plaintiffs' petition with reference thereto, and no further mention will be made to such condition in this opinion.

Without further word we reach the conclusion that plaintiffs are entitled to a mandatory injunction restraining defendants continued trespass upon their property brought about by the action of the defendants as stated herein, and compelling them to restore the surface of the lands mentioned herein so as to restore them to the condition in which they were prior to the construction of such ditch.

Defendants claim plaintiffs are not entitled to recover damages for injuries to their cattle because they were guilty of contributory negligence in using their farm in the vicinity of such ditch for pasture lands and rely upon the case of **Hall v Meister, 42 Oh Ap 425,** to support their contention. This case is distinguished from the cited case by the fact that in that case the plaintiff deliberately exposed his stock to a manifest peril for the purpose of collecting damages.

We make no finding as to loss in production of milk by the several cows as we believe the true measure of damages in this case is the difference in the value of plaintiffs' cattle before and immediately after they were injured, which we find from the evidence is $245.89. We also find from the evidence that plaintiffs' fence was damaged in the amount of $100.00, which amounts they are entitled to recover from defendants.

An entry drawn in accordance with the decision of the court as set forth in this opinion may be submitted to the court.

NICHOLS, PJ, and CARTER, J, concur in judgment.